UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIDGEWATER ASSOCIATES, LP;
BRIDGEWATER ASSOCIATES
HOLDINGS, LLC,

          *Petitioners*,

v.

JEFFREY GARDNER,

          *Respondent.*

Case No. 3:24-cv-00399

**COMPLAINT**

Petitioners Bridgewater Associates, LP ("Bridgewater") and Bridgewater Associates Holdings, LLC ("BAH") (collectively, "Petitioners"), for their Complaint against Respondent Jeffrey Gardner ("Gardner"), hereby state and allege as follows:

**NATURE OF THE ACTION**

1. This is an action for equitable relief arising out of Gardner's refusal to comply with the terms of a pre-dispute arbitration agreement the parties entered into in connection with Gardner's employment with Bridgewater.

**JURISDICTION AND VENUE**

2. The Federal Arbitration Act ("FAA") permits a party to a written arbitration agreement to petition any U.S. district court that, in the absence of the agreement, would have subject matter jurisdiction to hear the dispute for an order compelling arbitration. 9 U.S.C. § 4.

3. Gardner and Bridgewater are parties to a written arbitration agreement.

4. Gardner breached that arbitration agreement by initiating a proceeding in Connecticut Superior Court (the "State Court Proceeding"), asserting arbitrable claims arising under the laws of the United States (specifically, Title VII of the Civil Rights Act of 1964 ("Title

VII"), the Age Discrimination in Employment Act of 1967 ("ADEA")), and Connecticut state law claims; and seeking declaratory and injunctive relief relating to deferred compensation and other matters concerning his employment or termination therefrom.

5. Petitioners responded by commencing an arbitration against Gardner seeking, *inter alia*, a declaratory judgment that they had no liability to Gardner under any of these federal or state statutes, or common law.

6. Absent an arbitration agreement, this Court would have subject matter jurisdiction of the federal claims asserted in the State Court Proceeding and in the arbitration. Therefore, this Complaint seeking to compel arbitration of the federal claims is jurisdictionally proper. 9 U.S.C. § 4; *see also* 28 U.S.C. § 1331 ("district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States.")

7. Furthermore, because this Court would have supplemental jurisdiction of the Connecticut state law and common law claims, which "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," this Complaint seeking to compel arbitration of the Connecticut state law and common law claims is jurisdictionally proper as well. 28 U.S.C. § 1367(a).

8. Bridgewater has its principal place of business in Fairfield County, Connecticut.

9. BAH, Bridgewater's ultimate parent company, has its principal place of business in Fairfield County, Connecticut.

10. Gardner is a resident of Fairfield County, Connecticut.

11. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Petitioners' claims occurred in this district.

## FACTS

12. On January 26, 2021, Gardner executed an amended employment agreement with Bridgewater for a senior manager role in Bridgewater's Client Service department (the "Agreement"). (*See* Declaration of Gregory McVeigh ("McVeigh Decl.") Exh. 1.)[1]

13. The Agreement sets forth a simple but mandatory dispute resolution process applicable to "all claims [Gardner] may have against Bridgewater (including any of its past, present and future managers and employees in both their individual and official capacities)." (*Id.*)

14. *First*, Gardner must "submit all claims [he] may have against Bridgewater . . . to non-binding mediation." (*Id*. at 9.)

15. *Then*, if the claims remain unresolved following mediation, Gardner must "submit all such claims to binding arbitration on an individual basis under the rules of the American Arbitration Association ('AAA') applicable to the dispute in question. . . ." (*Id*.)

16. The Agreement's arbitration provision broadly covers all claims Gardner may have against Petitioners or their managers or employees, "includ[ing], without limitation, all employment-related matters (such as discrimination or other statutory claims under federal, state or local law)," with limited exceptions for non-arbitrable claims for "workers' compensation and unemployment benefits or any other claim that by statute or regulation may not be made subject to a pre-dispute arbitration agreement." (*Id*.)

17. Gardner was aware that he was giving up his right to litigate in court by signing the Agreement.

---

[1] Filed concurrently herewith, and in support of Petitioners' Motion to Compel Arbitration and Stay Proceedings.

18. The Agreement contains an acknowledgment clause, whereby Gardner "warrant[ed] that [he] ha[d] read this agreement, ha[d] consulted with [his] own advisors (if [he] so chose) regarding its terms, and [was] fully aware of its content and legal effect." (*Id*. at 10.)

19. Directly underneath Gardner's signature, in all caps, the following instruction appears: "PLEASE READ THIS AGREEMENT AND ITS ATTACHMENTS CAREFULLY. NOTE THAT IT CONTAINS AN AGREEMENT TO ARBITRATE CLAIMS AND A WAIVER OF THE RIGHT TO A JURY TRIAL." (*Id*. at 11.)

20. On March 2, 2023, Gardner (through counsel) complained to Bridgewater of age discrimination, retaliation, and constructive discharge. (Declaration of Patrick W. Shea ("Shea Decl."), ¶ 5.)[2]

21. On May 25, 2023, Gardner (again through counsel) complained to Bridgewater of sex discrimination. (*Id*., ¶ 6.)

22. The parties held a mediation in December 2023, but efforts to resolve the dispute were ultimately unsuccessful. (*Id*., ¶ 7.)

23. Per the dispute resolution process in the Agreement, Petitioners expected to then proceed to arbitration. (*See* McVeigh Decl., Exh. 1.)

24. On February 21, 2024, in contravention of his agreement to arbitrate all claims he may have against Petitioners, Gardner filed a Petition for Bill of Discovery ("Bill of Discovery") in Connecticut Superior Court, articulating claims against Petitioners for sex discrimination under Title VII and the Connecticut Fair Employment Practices Act ("CFEPA"), age discrimination

---

[2] Filed concurrently herewith, and in support of Petitioners' Motion to Compel Arbitration and Stay Proceedings.

under the ADEA and CFEPA, unspecified retaliation claims, and seeking declaratory judgment with respect to deferred compensation payments, and injunctive relief. (Shea Decl., ¶ 8.)

25. In the Bill of Discovery, Gardner describes these claims at length, and seeks discovery of documents and information outside the arbitral forum to which he agreed. (*Id*.)

26. By initiating the State Court Proceeding, Gardner demonstrated (and conveyed to Petitioners) his breach of the Agreement by refusing to arbitrate all claims asserted therein.

27. All of the claims asserted against Petitioners in the Bill of Discovery fall within the scope of the Agreement's broad arbitration provision. (*See* McVeigh Decl., Exh. 1.)

28. On March 13, 2024, Petitioners commenced an arbitration against Gardner with the American Arbitration Association ("AAA") seeking a declaratory judgment that they have no liability to him under any of the federal or state laws listed above. (Shea Decl., ¶ 9.)

29. On March 15, 2024, Counsel for Petitioners requested that Gardner confirm, by 12:00pm ET on Monday, March 18, 2024, whether he would dismiss the State Court Proceeding and agree to proceed in arbitration. (Shea Decl., ¶ 10.)

30. On Monday, March 18, 2024, Gardner (through counsel) refused to withdraw the Bill of Discovery in the State Court Proceeding unless Petitioners would stipulate to provide the documents and information Gardner requested in the filing. (*Id*., ¶ 11.)

31. That same day, Petitioners (through counsel) responded that they would not so stipulate, but that the parties could discuss and agree on the proper scope of discovery in arbitration after an arbitrator is selected and a protective order is in place. (*Id*., ¶ 12.)

32. In response, Gardner (through counsel) stated his intent to proceed with the Bill of Discovery in the State Court Proceeding. (*Id*., ¶ 13.)

## COUNT I

### Petition to Compel Arbitration Pursuant to 9 U.S.C. § 4

33. Petitioners incorporate the allegations set forth in Paragraphs 1 through 32 above as if fully set forth herein.

34. The Agreement involves interstate commerce and is governed by the FAA.

35. The Agreement is valid, irrevocable, and enforceable under the FAA. *See* 9 U.S.C. § 2.

36. Petitioners are aggrieved by Gardner's refusal to arbitrate.

37. Petitioners are entitled to an Order compelling Gardner to arbitration pursuant to Section 4 of the FAA. 9 U.S.C. § 4.

38. Service of this Complaint serves as notice to Gardner that Petitioners are petitioning the Court for such an Order.

39. Pursuant to Section 4 of the FAA, no sooner than five days after service of this Complaint, Petitioners pray for a hearing to determine the matter.

40. Petitioners pray for an Order directing Gardner to arbitrate all claims he asserts against Petitioners in the State Court Proceeding, in accordance with the Agreement.

## COUNT II

### Petition for Preliminary Injunction Pending Arbitration

41. Petitioners incorporate the allegations set forth in Paragraphs 1 through 40 above as if fully set forth herein.

42. An Order prohibiting Gardner from litigating his claims in the State Court Proceeding is necessary to effectuate this Court's Order compelling the parties to arbitration.

43. Without an injunction, Petitioners will be irreparably harmed.

44. Despite the parties' valid and enforceable Agreement, Petitioners will be subjected to the burdens and costs of civil litigation, which are not applicable to arbitration proceedings and for which Petitioners will have no remedy.

45. There is little likelihood of harm to Gardner should a preliminary injunction be issued.

46. Gardner has been on notice of his obligation to arbitrate since 2021 when he accepted the Agreement.

47. Thus, Gardner is aware that his claims must proceed through arbitration pursuant to the Agreement, and he may pursue a remedy for his claims through arbitration.

48. There is a substantial likelihood that Petitioners will prevail on the merits of this action.

49. The Agreement reflects an offer, acceptance, and consideration, and is therefore valid and enforceable under Connecticut law and the FAA, and the claims Gardner asserts in the State Court Proceeding fall within the scope of the Agreement.

50. Furthermore, if this Court decides Gardner's claims are subject to arbitration without enjoining the State Court Proceeding, the parties will be forced to re-litigate that determination in the State Court Proceeding.

51. The public interest would be served in granting a preliminary injunction because it will promote the rapid and unobstructed enforcement of an agreement between parties, would prevent unnecessary waste of judicial resources, and would allow Gardner to pursue his claims in arbitration.

52. Petitioners pray for a preliminary injunction prohibiting Gardner from pursuing the State Court Proceeding while the parties arbitrate their claims.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioners pray the Court grant the following relief:

A.  For a hearing on this matter;

B.  For an Order compelling the arbitration of all of the claims Gardner asserts against Petitioners in the State Court Proceeding;

C.  For an injunction prohibiting Gardner from pursuing the State Court Proceeding while the parties arbitrate; and

D.  For such other relief as the Court deems just and proper.

Dated: March 20, 2024               PAUL HASTINGS LLP

_____
Patrick W. Shea
patrickshea@paulhastings.com
Sara B. Tomezsko (*pro hac vice application filed herewith*)
saratomezsko@paulhastings.com
200 Park Avenue
New York, NY 10166
(212) 318-6000

*Counsel for Petitioners*